UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| SOUTHERN BANK & TRUST CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:15-cv-53 |
| | ) | |
| MLP DEVELOPMENT CORP., | ) | |
| BRYAN J. LAYNE, and | ) | |
| CHRISTOPHER W. PARRISH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Southern Bank and Trust Company's ("Southern Bank") Motion for Default Judgment as to Defendant MLP Development Corp. ("MLP") filed on April 14, 2015. ECF No. 13. This matter was referred to the undersigned United States Magistrate Judge pursuant to a Referral Order from the Chief United States District Judge. ECF No. 15; *see also* 28 U.S.C. §§ 636(b)(1)(B); Fed. R. Civ. P. 72(b); E.D. Va. Local Civ. R. 72. MLP, though properly served, has failed to respond to Southern Bank's Complaint. Accordingly, Southern Bank now seeks entry of default judgment and monetary damages. For the reasons discussed below, the undersigned recommends that the Court **GRANT IN PART** and **DENY IN PART** Southern Bank's Motion for Default Judgment, ECF No. 13.

## I. FACTUAL AND PROCEDURAL HISTORY

On February 5, 2015, Southern Bank filed its Complaint against MLP, Bryan J. Layne ("Mr. Layne"), and Christopher W. Parrish ("Mr. Parish") alleging breach of contract claims against all three defendants. ECF No. 1. Messrs. Layne and Parish filed an answer on March 4,

2015. ECF No. 5. Having failed to enter an appearance or otherwise file a responsive pleading, the Clerk entered default against MLP on March 9, 2015. ECF No. 10. Thereafter, Southern Bank filed the instant Motion; neither MLP nor Messrs. Layne and Parish have responded to the Motion, and the time to do so has expired. After referral, the undersigned conducted an evidentiary hearing on July 17, 2015, at which Mr. Jonathan Hauser appeared on behalf of Southern Bank, and Mr. William McCreedy was present on behalf of appearing Defendants Messrs. Layne and Parrish. The purpose of the evidentiary hearing was for Southern Bank to submit additional evidence substantiating its damage claims in its Motion for Default Judgment. At the hearing, Attorney Hauser called Mr. James Hill, Special Assets Manager and Vice President of Southern Bank, to testify to the requested damages.  Upon Mr. Hill's testimony, Southern Bank proffered a number of exhibits to substantiate its damages requests.  In addition, Mr. Hill testified that the Promissory Note ("Note") in question was secured by real estate ("property"), and Southern Bank's predecessor, Bank of the Commonwealth, foreclosed on the property.  Accordingly, a large credit was given to the Note which reduced the remaining principal balance.  Mr. Hill also testified that Southern Bank's requested attorneys' fees were "reasonable," albeit they were on the "higher end" of the market rate.  In addition, the Court accepted a proffer from Attorney Hauser and co-counsel Mr. Daniel Berger as to the experience and qualifications of Southern Bank's Troutman Sanders attorneys.  Accordingly, this matter is ripe for recommended disposition.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to Federal Rule of Civil Procedure 55(a), default is appropriate when a defendant has failed to plead or otherwise defend against an action.  Upon request of the party entitled to default, the court may enter against a defendant a default judgment for the amount

claimed and costs of the action. Fed. R. Civ. P. 55(a). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Thus, default judgment is only available when the "adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

Although default judgment conclusively establishes the defaulting party's admission to the allegations contained in the complaint, *Globalsantafe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003), default does not establish liability for the amount claimed by the plaintiff, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Rather, the court must determine if the well-pleaded allegations in the complaint support the entry of default judgment. *Id.* Accordingly, the court must consider whether the complaint establishes the defendant's liability and then determine the amount of damages. *See id.* ("[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.") (citations omitted). It is for this reason that after considering the defendant's liability, "[t]he court must make an independent determination regarding damages, and cannot accept as true factual allegations of damages." *E.E.O.C. v. Carter Behavior Health Servs.* No. 4:09-cv-122, 2011 WL 5325485, at *4 (E.D.N.C. Oct. 7, 2011). Thus, it is incumbent on the moving party "to provide the court with sufficient information to ascertain monetary damages with reasonable certainty." *Int'l Painters & Allied Trades Indus. Pension Fund*, 763 F. Supp. 2d at 36. Moreover, the court "has considerable latitude in determining the *amount* of damages." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993) (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 321 (2d Cir. 1986) (emphasis in original).

## A. Jurisdiction and Venue

This Court has subject-matter jurisdiction as a result of complete diversity among the parties and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332. Southern Bank is a North Carolina corporation with its principal place of business in North Carolina, while MLP is a Virginia corporation with its principle place of business in Virginia, and Messrs. Layne and Parrish are residents of Virginia. ECF No. 1 at 1-2. Personal jurisdiction is proper as all Defendants transact business within Virginia and were properly served. *Id.* at 2; ECF No. 4. Venue is proper in the Eastern District of Virginia, Norfolk Division, as "a substantial part of the events or omissions giving rise to the claim occurred" in this judicial district and division. 28 U.S.C. § 1391(b)(2).

## B. MLP's Liability

Southern Bank asserted one claim against MLP in its Complaint: a breach of contract claim. ECF No. 1 at 2-3. To establish MLP's liability and resulting damages, Southern Bank initially proffered only the Note and the affidavit of Mr. Hill, who averred to the general damages requested. ECF No. 14, attach. 1. At the evidentiary hearing, Southern Bank proffered a significant amount of evidence, including the Note, Ex. 7, the Change in Terms Agreement, Ex. 8, the Demand Letter, Ex. 11, Bank of the Commonwealth's Note Balance Sheet, Ex. 12, the Allonge, by which Southern Bank succeeded to Bank of the Commonwealth's interest in the Note, Ex. 7A, Southern Bank's transaction history with MLP, Ex. 13, an excel spreadsheet of the interest calculation through July 17, 2015, Ex. 14, a loan deficiency statement as of July 17, 2015, Ex. 15, a final accounting statement of foreclosure on the property, Ex. 16, a certification of final accounting, Ex. 17, a summary of Troutman Sanders' attorneys' fees, Ex. 18, and an appraisal of the property, Ex. 19.

## 1. Breach of Contract Claim

To succeed on a claim for breach of contract under Virginia law, Southern Bank must prove (1) a legal obligation of MLP to Southern Bank; (2) a violation or breach of that obligation; and (3) resulting damage to Southern Bank. *See Caudill v. Wise Rambler*, 168 S.E. 2d 257, 259 (Va. 1969).  Under Virginia Code § 8.01-27, a civil action may be maintained "upon any note or writing by which there is a promise, undertaking, or obligation to pay money," so long as the writing is signed by the party to be charged or its agent.  Va. Code § 8.01-27. Moreover, a Virginia cause of action for breach of contract is subject to a five-year statute of limitations period, which begins to run from the date the breach occurs. *Id.* § 8.01-246(2).

Southern Bank sufficiently established MLP's liability on the breach of contract claim in its evidentiary submissions.  In support of the first element of a breach of contract claim, Southern Bank submitted the Note and the Change in Terms Agreements, which clearly specified the terms and conditions of the agreement.  The Note was originally executed between MLP and the Bank of the Commonwealth; thereafter, Southern Bank succeeded to all of Bank of the Commonwealth's interest in the Note.  To support the second element for its breach of contract claim, Southern Bank proffered the Demand Letter which notified MLP on March 18, 2011 by certified mail of the delinquent status of the Promissory Note as of October 30, 2010.

Finally, Southern Bank submitted updated damages figures at the evidentiary hearing which included the following sums: principal in the amount of $317,207.23; interest in the amount of $160,658.90; late charges in the amount of $392.10; an appraisal fee in the amount of $4,300.00; attorneys' fees for the firm of Kellam, Pickrell, Cox & Taloe ("KPC&T") for work on the account when it was managed by Bank of the Commonwealth in the amount of $8,448.05; and attorneys' fees for the firm of Troutman Sanders, counsel for Southern Bank, in the amount

of $19,600.50. Ex. 15.

To substantiate these requests, Southern Bank relied on numerous documents. For the principal amount, Southern Bank proffered the Note, which listed an initial principal amount of $2,160,000.00, Ex. 7, and the Transaction History which, after the last payment, listed a principal balance of $1,574,637.74, Ex. 13. Thereafter, the property was sold, and the proceeds of $1,257,430.51, Ex. 16, were applied to the balance, resulting in a principal balance sum of $317,207.23. The interest amount of $160,658.90 was substantiated by an interest calculation sheet listing the principal amount, per diem rate, and accrued interest. Ex. 14. The late charges of $392.10 were supported by the Transaction History. Ex. 13. Finally, the appraisal fee of $4,300.00 was substantiated by the appraisal invoices. Ex. 19. Accordingly, the undersigned **FINDS** that the aforementioned money damages were fully supported by the evidence and **RECOMMENDS** that the Court award Southern Bank $482,558.23 for these money damages.

Turning then to Southern Bank's attorneys' fees, at the hearing Southern Bank requested $19,600.50 in fees billed by the firm of Troutman Sanders, and $8,448.05 in fees billed by the firm of KPC&T. Ex. 15. In support of its Motion for Default Judgment, Southern Bank simply proffered the affidavit of Mr. Hill, who averred that the "reasonable attorney's fees and collection expenses incurred by the note holder" were "$13,838.50 to date." ECT No. 14, attach 1. at 4. Faced with this inadequate proffer, the undersigned directed Southern Bank to proffer evidence substantiating its request at a hearing. ECF No. 16. In addition, the undersigned explained how a reasonable fee would be determined: "the Court must evaluate the reasonableness of the attorneys' fees by comparing the requested amount to the lodestar amount, which is defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Id.* at 4 (quoting *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008)). The undersigned

also quoted the factors from *Robinson v. Equifax Info. Servx., LLC*, 560 F.3d 235 (4th Cir. 2009) which guide the Court's determination of a reasonably hourly rate and reasonable number of hours expended. *Id.* at 4.

"District courts have discretion in determining attorneys' fees, but there must be evidence supporting the reasonableness of these fees." *United Marketing Solutions, Inc. v. Fowler*, No. 1:09-cv-1392, 2011 WL 837112, at *1 (E.D. Va. Mar. 2, 2011). The burden is on the party requesting fees to establish their reasonableness. *Plyler v. Evatt*, 902 F.2d 272, 277 (4th Cir. 1990); *Cook v. Andrews*, 7 F. Supp. 2d 733, 736 (E.D. Va. 1998). The reasonableness of the amount must be established "both by showing the reasonableness of the rate claimed and the number of hours spent." *Rehab. Ass'n of Va., Inc. v. Metcalf*, 8 F. Supp. 2d 520, 527 (E.D. Va. 1998). Further, the fee applicant bears the burden of establishing the amount of a reasonable fee by clear and convincing evidence. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

At the evidentiary hearing, Southern Bank continued to rely on conclusory statements and inadequate evidence to support its attorneys' fees request. The only additional proffer related to attorneys' fees at the hearing included Mr. Hill's testimony that counsels' requested attorneys' fees were "reasonable" albeit they were on the "higher end" of the market rate, and Troutman Sanders' summary invoice to Southern Bank, which listed the total amounts billed to Southern Bank on this matter, Ex. 18. Upon further questioning by the undersigned, counsel for Southern Bank provided a brief proffer on the background and qualifications of the Troutman Sanders' attorneys. In addition, no information was provided, such as is typically proffered in the form of billing invoices, which identified what specific tasks were performed, who performed them, and how much time was billed for each task by each attorney. Moreover, no information of any kind was provided with respect to the KPC&T attorney or attorneys for

whom fees were sought.   Without this information, the undersigned cannot determine whether the requested attorneys' fees are reasonable.   Indeed, although the undersigned previously cautioned Southern Bank in the Court's May 20, 2015 Order, ECF No. 16 at 4, that "present[ing] the total amount of fees and label[ing] that 'reasonable,' while providing no basis for that conclusion," was insufficient to establish the reasonableness of the fees, it appears that Southern Bank has not remedied this deficiency in proof.   Simply put, because Southern Bank failed to provide sufficient evidence to substantiate its fee request, the undersigned cannot determine the reasonableness of the fees.   This failure of proof is ultimately fatal to Southern Bank's request for attorneys' fees as Southern Bank was charged with establishing the reasonableness of the fees, *Plyler*, 902 F.2d at 277, and this Court will not rubber-stamp Southern Bank's attorneys' fees request simply because Southern Bank labels them reasonable, *see Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196 (N.D.N.Y. 2008) ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation."). Accordingly, the undersigned **FINDS** that the evidence supporting Southern Bank's request for attorneys' fees is insufficient, and therefore **RECOMMENDS** that the Court **DENY** Southern Bank's request for attorneys' fees.

### III.  RECOMMENDATION

In conclusion, the undersigned **RECOMMENDS** that the Court **GRANT IN PART** and **DENY IN PART** Southern Bank's Motion for Default Judgment, ECF No. 13, and that default judgment be **ENTERED** in favor of Southern Bank in the amount of $482,558.23 plus post-judgment interest accruing at the legal rate as calculated pursuant to 28 U.S.C. § 1961, but that no award be made for attorneys' fees.

## IV. <u>REVIEW PROCEDURE</u>

By receiving a copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve on the other party and file with the Clerk of the Court specific written objections to the above findings and recommendations within fourteen days from the date this report and recommendation is mailed to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. The Chief United States District Judge shall make a de novo determination of those portions of this report and recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the non-appearing Defendant, counsel of record for the appearing Defendants, and counsel of record for the Plaintiff.

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 4, 2015

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Mr. Jonathan Leigh Hauser
Troutman Sanders LLP (Virginia Beach)
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Counsel for the Plaintiff

Mr. William Greer McCreedy, II
The McCreedy Law Group, PLLC
413 West York Street
Norfolk, Virginia 23510
Counsel for Appearing Defendants Bryan J. Layne and Christopher W. Parrish

MLP Development Corporation
C/O Floyd M. Martin, Jr., Registered Agent
5400 Nansemond Parkway
Suffolk, Virginia 23435
Non-Appearing Defendant

Fernando Galindo,
Clerk of the Court

By:   _____
Deputy Clerk
August ___, 2015